PER CURIAM.
This case concerns the temporary custody of three children who were allegedly abused by their mother and stepfather, with whom they were residing. On November 1, 1999, the Department of Children and Families filed a Detention Petition alleging the children had been abandoned, abused, neglected, or suffered injury or illness, including alleged sexual battery by the stepfather and physical abuse by the mother. At the detention hearing the natural father, Pablo Rodriguez, requested custody of the minor children.[1] Without making any of the findings required by section 39.508, Florida Statutes, however, the court placed the children in a shelter.
Section 39.508(8), Florida Statutes (1999), requires that when a child is removed for the custody of a parent:
the court shall first determine whether there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the chid and, if such parent requests custody, the court shall place the child with the parent unless it finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child.
We conclude that at the very least, the court should have conducted a hearing to determine Mr. Rodriguez’ suitability under the statute. Since the father had both a natural and statutory right to at least have temporary custody of the children, reversal is required. On remand, absent a finding that placement with the father would endanger the safety, well-being, or physical, mental, or emotional health of the children, the father may accept the children outright if he has made suitable ar *1060 rangements to rear and care for the children at his own home or in lieu thereof, he should be able to designate a surrogate caregiver, subject to the court’s approval. The court will, of course, be in a position to attach additional conditions to this arrangement. We emphasize that our decision today is only temporary in nature. Complying with the strictures as set out in Chapter 39, the Juvenile Court will be in position to make contrary orders as appropriate and fitting to the circumstances of the case as they evolve before him.
Reversed and remanded.

. The father expressed the desire to have custody of the children but apparently due to his work had suggested the children go to their maternal grandmother. The trial judge had rejected this solution after concluding that such a placement would open the children to "coaching” by the grandmother.