746 So.2d 590 (1999)
V.P. As Father of T.P., A Child, Petitioner,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Respondent.
No. 99-3502.
District Court of Appeal of Florida, Fifth District.
December 23, 1999.
Timothy A. Straus, Esq. of Moyer, Straus & Patel, P.A., Altamonte Springs, for Petitioner.
No Appearance for Respondent.
PER CURIAM.
This case concerns the temporary custody of T.P. who was the subject of a dependency petition alleging abuse and neglect by her mother and stepfather. No allegations of abuse or neglect were lodged against T.P.'s natural father, V.P., who as non-custodial parent resides in Illinois. V.P. sought below to have T.P. temporarily placed with him, but the juvenile court instead placed T.P. in the custody of a nonrelative. The court made no finding which would indicate why V.P., as natural father, would not be entitled to temporary custody of T.P. V.P. petitions for habeas corpus relief. We treat the petition as an expedited appeal from the placement order[1] and remand.
Section 39.508(8), Florida Statutes, provides in relevant part:
... the court shall first determine whether there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child and, if such parent requests custody, the court shall place the child with the parent unless it finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child.
The trial court apparently did not comply with the dictates of this subsection. Therefore, we order, in accordance with In re J.R.; P.R. v. Florida, Department of Children & Families, 745 So.2d 1059 (Fla. 3d DCA 1999), that the juvenile court conduct an expedited hearing to determine V.P.'s suitability under the statute. Absent evidence and a corresponding finding that temporary placement with V.P. would endanger the safety, well-being, or physical, mental, or emotional health of the child, the court should order temporary placement of T.P. with the natural father.
REMANDED FOR FURTHER PROCEEDINGS.
COBB, PETERSON and GRIFFIN, JJ. concur.
NOTES
[1] See § 39.510(1), Fla. Stat. See also Fla. R.App. P. 9.040(c).